UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin Whitfield, | ) | C/A No. 9:15-2261-HMH-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |

       Kevin Whitfield (Petitioner), a state prisoner in the Lieber Correctional Institution of the South Carolina Department of Corrections (SCDC), filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2007 conviction for Burglary-First Degree. See Petition, ECF No. 1 at 1. Petitioner requests that he be granted a new trial on the ground of ineffective assistance of plea counsel, arguing that his attorney was ineffective because his attorney erroneously advised Petitioner that he would be sentenced to fifteen years and then failed to object to Petitioner's sentence, which was outside the scope of the negotiated sentence. Petition, ECF No. 1 at 5.

       Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (AEDPA), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70




(4th Cir. 1983). Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791–92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is also charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

## Discussion

With respect to his conviction and sentence, a petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. See 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241). Further, subsection (d) of § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–



(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner pled guilty to the charge of Burglary-First Degree on August 8, 2007, and was sentenced to twenty-six years imprisonment. He did not file a direct appeal. ECF No. 1 at 1-2; see also Charleston County Public Index, http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10001&Casenum=H914084&CaseType=C (last visited July 30, 2015).[1] Although Petitioner states he is challenging convictions for "Burglary 1st; Burglary 2nd," the Charleston County Public Index indicates that Petitioner only pleaded guilty to a Burglary-First Degree charge (Case No. H914084, Indictment No. 2007-GS-10-00483), and his

---

[1]The Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008)[noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].



3

Burglary-Second Degree charges all have a disposition (on August 9, 2007) of "Nolle Prosequi" (Case No. H677186, Indictment No. 2007-GS-10-00484; Case No. H677191, Indictment No. 2007-GS-10-00485; Case No. H677192, 2007-GS-10-00486; Case No. H677193, Indictment No. 2007GS1000487; Case No. 2007-GS-10-00487). Records from the South Carolina Department of Corrections also indicate that Petitioner is serving a twenty-six year sentence for Burglary-First Degree. See http://public.doc.state.sc.us/scdc-public/ [Search Inmate "Kevin Whitfield"](last visited July 30, 2015).

An application for post-conviction relief (APCR) was not filed by Petitioner until September 15, 2011, which Petitioner states was denied on June 6, 2012. Petitioner filed a motion for reconsideration, which was denied on June 25, 2012, and a final order of dismissal was issued on April 2, 2013. Petitioner appealed the denial of his APCR to the Supreme Court of South Carolina, which Petitioner states was denied on July 18, 2013, although Charleston County records indicate that the appeal was dismissed on August 9, 2013. ECF No. 1 at 3, 6; see also Charleston County Judicial Circuit Public Index, http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10002&Casenum=2011CP1006613&CaseType=V (last visited July 30, 2015). Petitioner also filed a second APCR on July 31, 2013, which he states was denied on January 7, 2015, and which Charleston County records indicate a final order of dismissal date of June 2, 2015. ECF No. 1 at 3-4; Charleston County Public Index, http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10002&Casenum=2013CP1004461&CaseType=V (last visited July 30, 2015).

4

In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Therefore, because Petitioner did not file a direct appeal of his conviction, his conviction became final on August 21, 2007.[2] See Crawley v. Catoe, 257 F.3d 395, 398 (4th Cir. 2001). The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. 28 U.S.C. § 2244(d)(1)(A); see Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). Accordingly, Petitioner's limitations period began to run on August 21, 2007, and expired on August 21, 2008, unless the period was at any time tolled for any properly filed state APCR. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438–39 (4th Cir. 2000)[applying the anniversary date method in calculating the one-year limitations period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled"].

Petitioner did not file his state APCR until September 15, 2011. See Petition, ECF No. 1 at 3. At that point, more than one year of non-tolled time had accrued since the period of limitations began to run. Therefore, although 28 U.S.C. § 2244(d)(2) tolls the period of time when a properly filed application for state post-conviction relief is pending, Petitioner's APCR was not filed until after the one-year limitation period had expired. Indeed, by the time Petitioner filed his state APCR on September 15, 2011 approximately 1,486 days had passed since his conviction became final. The filing of this APCR did not restart the federal statute of limitations, which in this



---

[2]Ten days after August 8, 2007 was August 18, 2007, but that date was a Saturday.

5

case had already expired prior to Petitioner's APCR having been filed.[3] Artuz v. Bennett, 531 U.S. 4 (2000)[while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]. Therefore, since Petitioner failed to timely file this federal petition,[4] he is barred from seeking federal habeas relief. Artuz v. Bennett, supra; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001); 28 U.S.C. § 2244(d).

Finally, the United States Supreme Court has acknowledged that district courts are "permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006)[carving out habeas corpus petitions and in forma pauperis complaints as narrow circumstances to permit sua sponte consideration of statute of limitations when defense is clear on face of petition or complaint]. However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Id. Similarly, the United States Court of Appeals for the Fourth Circuit has mandated caution in sua sponte dismissals of untimely petitions under the AEDPA:

> [W]hen a federal habeas court, acting *sua sponte*, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain

---

[3]Petitioner's filing of a second APCR in July 2013 likewise did not restart his time to file this federal habeas petition.

[4]Petitioner has a filing date for this federal petition of May 29, 2015. Although the Petition was not filed in this Court until June 4, 2015, because Petitioner is a prisoner, the date he delivered it to prison authorities for mailing is used as the filing date pursuant to Houston v. Lack, 487 U.S. 266 (1988)[prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court]. Petitioner signed his Petition on May 29, 2015, and his Petition included a declaration that he placed the Petition in the prison mailing system on May 29, 2015. ECF No. 1 at 14.



6

> that there are no circumstances that would cause the petition to be timely. The district court ought at least to inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

McMillan v. Jarvis, 332 F.3d 244, 249 (4th Cir. 2003); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Here, the standard habeas petition form (AO-241) requests information in question number 18 pertaining to the timeliness of the petition, as follows: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." The footnote to the question provides the text of § 2244(d). Petitioner failed to answer Question 18 of the Petition. ECF No. 1 at 13. Additionally, in order to provide the "fair notice" required by Day, McMillan, and Hill, Petitioner was given the opportunity, by a proper form and order to show cause dated June 15, 2015, to show cause why his case should not be dismissed on timeliness grounds. Petitioner was specifically informed that the Court was considering dismissal of his case based on the one-year statute of limitations and given an opportunity to provide facts concerning the issue of timeliness of his Petition that would cast doubt on whether this action should be dismissed based on the limitations bar. Show Cause Order, ECF No. 7. The show cause order noted that Petitioner could be entitled to equitable tolling of the statute of limitations if he were to present facts of "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). However, Petitioner failed to file any response to the order to show cause, and has not provided this Court with any information sufficient to support an equitable tolling of the limitations period. As such, in light of the absence



7


of any evidence of extraordinary circumstances beyond Petitioner's control that would weigh in favor of equitably tolling the limitations period, the instant petition should be dismissed as untimely.

### **Recommendation**

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice and without requiring Respondent to file a return. See Eriline Co. S.A. v. Johnson, 440 F.3d at 656 [district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent].

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

July 31, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

